## UNITED STATES v. ONE QUART BOTTLE OF ALLEGED WHISKY AND ALL OTHER PROPERTY ON LIBEL NO. 47, LOTS NOS. 31221 AND 31224.

### No. C–2196.

District Court, E. D. New York.

March 10, 1930.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Emanuel Bublick, Asst. U. S. Atty., of Brooklyn, N. Y., and J. Bertram Wegman, Asst. U. S. Atty., of New York City, of counsel), for the United States.

George W. Herz, of Brooklyn, N. Y., and Charles F. Murphy, of New York City, for defendants.

MOSCOWITZ, District Judge.

The government seeks to forfeit a large quantity of alcohol contained in different sized containers seized in a garage at No. 163 Taaffe Place, borough of Brooklyn, city of New York, and in a Ford autotruck standing at the entrance to said premises.

Police Officer Heitmann testified that upon approaching the garage and before entering he smelled the odor of alcohol. He further testified that he saw a Ford truck at the open entrance of the garage and observed a number of five-gallon cans in the truck. He saw a man carry a five-gallon can from the rear of the garage and place it in the truck. Heitmann then walked in through the open entrance of the garage and observed another man pouring a liquid which appeared to be alcohol from a one-gallon can into a five-gallon can. He also observed a quantity of one and five gallon cans and a 52-gallon drum all filled with a liquid, and other empty iron drums, and about two or three gallons of coloring fluid on a nearby counter. There were no labels or revenue stamps on any of the containers in the garage or in the truck.

Heitmann approached one Strasser, who told the officer he could look around. Heitmann saw no permit on the premises, and Strasser told him that he had none and did not need any because the product was toilet water. Strasser took samples from the cans and gave them to Heitmann, and also told Heitmann that the cans were about to be shipped out but refused to say to whom.

The search of the premises and the seizure of the property were amply justified.

United States Government Chemist Vlasses testified that the product seized was a substandard preparation not in conformity with any formula authorized by the commissioner, and that after saponification and simple distillation the distillate was fit for use as a beverage. The oil in the product was of such a nature that it could be easily saponified. The chemist further testified that even though there was a minute amount of isoprophyl left in the liquid after saponification and simple distillation, the liquid would be fit for use as a beverage. The brusene in the product could be removed by simple distillation. The chemist testified that a knowledge of chemistry was not essential to re-

move the oil and that any person once shown could repeat without any difficulty the process of saponification and simple distillation necessary to remove the oil.

The libelant has established that the product seized was substandard, and was not in fact toilet water. The evidence in this case casts upon the claimant the burden of explaining how he procured the property and why it was in a garage, as the property did not constitute any part of an ordinary garage equipment. The claimant did not offer any testimony. The oil was placed therein merely as a pretext, and the evidence convinces me that the product was intended for use as a beverage in violation of law and is therefore subject to forfeiture.

Settle decree accordingly on notice.